IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00141-BNB

TIFFANY D. THEISEN, and
RICHARD L. THEISEN,

   Plaintiffs,

v.

EL PASO COUNTY COURTS,
EVELYN SULLIVAN,
THOMAS KANE,
DENISE PEACOCK,
KRYSTAL HULICK,
KIDS RESOURCE NETWORK,
CHRISTINE BURCHAM,
STEPHANIE REED,
EL PASO COUNTY DEPARTMENT OF HUMAN SERVICES, and
SUSAN HANSON,

   Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 04 2009

GREGORY C. LANGHAM
                    CLERK

## ORDER OF DISMISSAL

Plaintiffs Tiffany D. Theisen and Richard L. Theisen, a married couple, initiated this action by filing *pro se* a Complaint. On February 17, 2009, Plaintiffs filed individual amended complaints. On February 20, 2009, Magistrate Judge Boyd N. Boland ordered Plaintiffs to file a second amended complaint that is signed by both Plaintiffs and that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On March 13, 2009, Plaintiffs filed a Second Amended Complaint that was signed only by Richard L. Theisen for himself and on behalf of Tiffany D. Theisen, who allegedly was incarcerated. On March 20, 2009, Magistrate Judge Boland ordered

Plaintiffs to cure this deficiency within thirty days by filing a new copy of the Second Amended Complaint that is signed by both Plaintiffs. Magistrate Judge Boland warned Plaintiffs that Tiffany D. Theisen would be dismissed as a party to this action if she did not sign the Second Amended Complaint.

Plaintiffs have not filed a new copy of the Second Amended Complaint that is signed by Tiffany D. Theisen within the time allowed and they have not responded in any way to Magistrate Judge Boland's March 20 order. Therefore, Tiffany D. Theisen will be dismissed as a party to this action.

The Court must construe the Second Amended Complaint liberally because Mr. Theisen is not represented by an attorney. *See **Haines v. Kerner**,* 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon**,* 935 F.2d 1106, 1110 (10th Cir. 1991). If the Second Amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." ***Hall**,* 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.*

The Court has reviewed the Second Amended Complaint and finds that the Second Amended Complaint fails to comply with the pleading requirements of Rule 8. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of***

*Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Theisen asserts his claims in the Second Amended Complaint pursuant to 42 U.S.C. § 1983. However, he fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Instead, Mr. Theisen makes only vague and conclusory allegations that his federal constitutional rights have been violated.

It appears that Mr. Theisen's claims stem from a dispute between the Theisens and government officials regarding the care and custody of the Theisens' minor children. Although Mr. Theisen identifies various incidents that occurred between the dates of August 2004 and September 2006 that apparently relate to this dispute, he does not provide specific factual details that demonstrate his constitutional rights somehow have been violated. He also fails to provide specific factual allegations that demonstrate how each named Defendant personally participated in the alleged

constitutional violations. In fact, it is not even clear exactly who is being sued in this action because Mr. Theisen lists twelve Defendants under the heading "Parties" in the Second Amended Complaint, but he lists only ten Defendants in the caption of the Second Amended Complaint.

Magistrate Judge Boland specifically advised Mr. Theisen that, in order "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Despite this specific instruction, Mr. Theisen has failed to file a pleading that complies with the requirements of Rule 8. In particular, Mr. Theisen fails to identify the specific legal rights that allegedly have been violated, he fails to allege specific facts to support his claims, and he fails to identify the specific actions of each named Defendant that alleged violated his rights. Although the Second Amended Complaint must be construed liberally, the Court will not construct legal arguments for a *pro se* litigant. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, the action will be dismissed for failure to comply with the pleading requirements of Rule 8. Accordingly, it is

ORDERED that Plaintiff Tiffany D. Theisen is dismissed as a party to this action for failure to sign the Second Amended Complaint filed on March 13, 2009. It is

FURTHER ORDERED that the Complaint, the amended complaints, the Second Amended Complaint, and the action are dismissed without prejudice for failure to

comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this __/__ day of _____May_____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00141-BNB

Richard Theisen
Tiffany Theisen
4534 Adieu Circle
Colorado Springs, CO 80917

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** the above-named individuals on 5/4/09

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk